OPINION
{¶ 1} Defendant-appellant Nicholas Pizzoferrato appeals his sentence on one count of felonious assault in the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case involves an altercation between an off-duty City of Canton Police Officer and several patrons which occurred outside a local tavern.
 {¶ 3} On February 18, 2003, Officer Glenn Tucker, Sr., visited Tommy T's bar to pick up his wife, a part-time bartender. Tucker was off duty, and was wearing blue jeans and a pullover sweatshirt, with a holster containing a .25 caliber handgun and his badge tucked into the front of his waistband. While at the bar, Tucker consumed several beers.
 {¶ 4} Later in the evening, Glenn Tucker, Jr., Officer Tucker's eighteen year old son, and his girlfriend met Officer Tucker at the bar. Tucker ordered a beer for his son.
 {¶ 5} Around 2:00 a.m., another bar patron, Roger Lucas, "got real loud and threatened a girl." Lucas and a group of his friends went outside. Tucker went to the front door and looked out of a window pane. He opened the door and found Lucas standing at the bottom of the front steps, at which time Lucas made a statement to Tucker.
 {¶ 6} Tucker told Lucas he couldn't belief he was "talking to me," to which Lucas answered "I'm talking to you and I'm going to fuck you up." Tucker did not identify himself as a police officer, but stated "he didn't want any fighting here, and nobody was kicking his ass."
 {¶ 7} A fight ensued, and appellant was observed kicking Tucker.
 {¶ 8} After leaving the bar, appellant went to a friend's residence, where the friend observed appellant's clothing with blood on it in the washing machine. She further observed appellant washing his tennis shoes. Testing later revealed a small amount of Tucker's blood on appellant's right sleeve cuff and on his blue jeans.
Appellant was indicted on one count of felonious assault; knowingly causing serious physical harm to Glen A. Tucker, Sr., a peace officer, and/or aiding or abetting another in doing so, in violation of R.C.2903.11(A)(1).
 {¶ 9} Appellant pled not guilty and the matter proceeded to a jury trial. Appellant's first trial ended in a mistrial. Following the completion of the second trial, the trial court again declared a mistrial finding the jury's findings inconsistent. Upon appeal by the State of Ohio, this Court reversed the trial court's decision and found the jury verdict was not inconsistent. Accordingly, the jury verdict finding appellant guilty of felonious assault was reinstated and the cause remanded to the trial court for sentencing.
 {¶ 10} On remand, the trial court sentenced appellant to seven years, to be served concurrent with another prison term on a drug possession charge in Columbiana County.
 {¶ 11} Appellant now appeals the sentence imposed, assigning as error:
 {¶ 12} "I. The trial Court erred in sentencing appellant in violation of the purposes and principles stated in 2929.11."
 I {¶ 13} Appellant's sole assignment of error maintains the trial court violated the purposes and principles of R.C. Section 2929.11 in sentencing appellant.
 {¶ 14} R.C. 2929.11 states:
 {¶ 15} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 16} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 17} Following the trial, the jury found appellant acted either as an aider or abettor or as an accomplice, and further found appellant did not inflict the serious physical harm himself. Appellant notes, of the three other co-defendants two received misdemeanors and the third pled guilty to two counts of felonious assault; receiving a three year sentence. Accordingly, appellant argues his sentence is inconsistent with the sentences imposed on the co-defendants in this matter; therefore, in violation of the purposes and principles of R.C. 2929.11.
 {¶ 18} Initially, we note, the maximum prison term appellant could have received was eight years, and there was a presumption in favor of a prison term. In sentencing appellant, the trial court specifically found the shortest prison term would demean the seriousness of appellant's conduct, and would not adequately protect the public from further crime by appellant and others.
 {¶ 19} Appellant's arguments regarding his being found an aider or abettor or an accomplice as compared to a principal offender are misguided. Rather, this Court addressed this specific issue in State v.Hickman, Stark App. No. 2003-CA-00408, 2004-Ohio-6760:
 {¶ 20} "Ohio law supports punishing an aider and abettor as a principal offender. R.C. 2923.03(A)(2) and (F) provide that one who aids and abets another in committing an offense is guilty of the crime of complicity, and may be prosecuted and punished as if he were the principal offender. State v. Bell (1976), 48 Ohio St.3d 270. Aiding and abetting has been characterized as a substantive and independent offense so that aiders and abettors may be prosecuted and convicted as principals without the trial or conviction of the principal offender. Hartshorn v.State (1876), 29 Ohio St. 635."
 {¶ 21} We further disagree with appellant's argument as to the disparity between his sentence and the sentences received by his co-defendants. Again, this Court addressed this issue in Hickman,
stating:
 {¶ 22} "Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.
* * *
 {¶ 23} "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. State v. Gorgakopoulos, supra. The Ninth District Court of Appeals has stated: `[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59.' Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C.2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C.2929.11, create consistency in sentencing."
 {¶ 24} In State v. Hill (1994), 70 Ohio St.3d 23, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. Id. at 29. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. Id. The Ohio Supreme Court observed: "[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits.
 {¶ 25} In the case sub judice, as in Hickman, the trial court followed the sentencing scheme set forth in the statutory guidelines, and the sentence was within the statutory limits.
 {¶ 26} Appellant's co-defendants' sentences were the result of plea agreements, and the trial court's consideration thereof. The trial court further contemplated appellant's sentence on an unrelated drug charge in Columbiana County. Therefore, as appellant's sentence was within the statutory guidelines and the trial court made the requisite findings, we do not find the trial court abused its discretion in sentencing appellant nor was its sentence contrary to law.
 {¶ 27} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 28} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.