OPINION
{¶ 1} Defendant-appellant Matthew Huber appeals his sentence following his conviction on one count of improperly discharging a firearm at or into a habitation with an attendant firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND THE CASE {¶ 2} On May 27, 2005, the Stark County Grand Jury indicted appellant, Matthew Huber, on one count of improperly discharging a firearm at or into a habitation with firearm specification in violation of R.C.2923.161 and R.C. 2941.145. Said charge arose from an incident wherein gunshots were fired into the home of Yvette Johnson on October 31, 2004. Ms. Johnson was the neighbor of Robin Wells, who was the mother of appellant's girlfriend, Erica Griffith.
 {¶ 3} A jury trial commenced on July 8, 2005. The jury found appellant guilty as charged. By judgment entry filed July 19, 2005, the trial court sentenced appellant to an aggregate term of ten years in prison.
 {¶ 4} Appellant appealed the verdict, arguing that the decision was against the manifest weight of the evidence and that the trial court erred when it instructed the jury that it could consider flight from justice in determining appellant's guilt. The appellant's conviction was affirmed by this court in State v. Huber, Stark App. No. 2005-CA-00190,2005-Ohio-2600. Appellant did not appeal this Court's decision to the Ohio Supreme Court, but rather, filed an application to reopen the direct appeal pursuant to App. R. 26(B) based uponBlakely/Foster issues. We granted appellant's application, and this matter is now before this Court for consideration. Appellant's assignment of error is as follows: *Page 3 
 {¶ 5} "THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM PRISON SENTENCE, ON THE BASIS OF FINDINGS MADE BY THE TRIAL COURT, AND WHICH WERE BASED ON AN UNCONSTITUTIONAL STATUTORY FELONY SENTENCING SCHEME. SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATE CONSTITUTION BLAKELY V.WASHINGTON (2004), 542 U.S. 296; STATE V. FOSTER, 109 OHIO ST.3D 1,2006-OHIO-856."
 {¶ 6} Appellant, in his sole assignment of error, maintains that his non-minimum sentence was unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348.
 {¶ 7} Recently, the Ohio Supreme Court, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, found certain provisions of Ohio's sentencing statute unconstitutional because those provisions required judicial fact-finding in order to exceed the sentence allowed simply as a result of a conviction or plea. Among these provisions was R.C. 2929.14(B), which provided for more than the minimum prison term.
 {¶ 8} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court, in Foster, severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. *Page 4 
 {¶ 9} Accordingly, because appellant's "more than the minimum" sentence was based upon an unconstitutional statute that was deemed void in Foster, supra, appellant's assignment of error is sustained. The judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for a new sentencing hearing.
 By: Edwards, J., Gwin, P.J. and Hoffman, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for a new sentencing hearing. Costs assessed to appellee. *Page 1